UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 13-77-DLB-CJS

RICKY W. MINK                                                                                         PETITIONER

v.                                    **REPORT AND RECOMMENDATION**

**JOSEPH MEKO, Warden**
**Little Sandy Correctional Complex**                                                      RESPONDENT

\* \* \* \* \* \* \* \* \* \* \* \*

Petitioner Ricky Mink has filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (R. 1). Pursuant to local practice, this matter has been referred to the undersigned for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and for preparation of a report and recommendation. *See* 28 U.S.C. § 636(b). Preliminary review of the Petition reveals that Petitioner has not exhausted his administrative and state court remedies. Therefore, it will be **recommended** that the Petition be **denied without prejudice**.

   I.     FACTS

Petitioner is an inmate confined at the Little Sandy Correctional Complex who was subject to discipline of 150 days in segregation and a loss of 210 days of good-time credit for misconduct violations, specifically, "violent demonstration" and making threatening statements.[1] (R. 1, at ¶¶ 3,

---

[1] The only factual basis alleged for the discipline is included as the basis for Petitioner's double jeopardy claim wherein Petitioner states he had two write-ups for the same action, to wit, causing a violent demonstration by spitting and biting as he was being removed from a state car.

5).  Petitioner alleges he appealed the disciplinary order to the Warden, who denied relief.  (*Id.*, at ¶ 9).  Petitioner also asserts that he filed an action in the state court simultaneously to the filing of this federal action. (R. 1, at ¶¶ 9(g), 11(a), 12).  Here, Petitioner seeks to have his disciplinary charges overturned and his record expunged, to be released from segregation, and seeks damages of $100 a day for every day he was subjected to unlawful segregation.

## II.     ANALYSIS

The Supreme Court has explained, "federal law opens two main avenues to relief on [state inmate] complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C § 2254, and a complaint under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004).  When a petitioner challenges the validity of his confinement or the particulars affecting its duration, the claim is one arising under habeas.  *Id.*; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas is sole means for state inmate to federally challenge legality or length of confinement).

Here, Petitioner challenges, *inter alia*, the procedures used in his disciplinary hearing and denial of his right to present evidence and witnesses.  He seeks to overturn the disciplinary charges and expunge his record, which, if successful, would restore his credits for good time served.  Thus, although Petitioner does not specifically request restoration of his good-time credit, his Petition is a challenge to the duration of his sentence and his sole federal remedy is under § 2254.  *See Edwards v. Balisok,* 520 U.S. 641, 643-44 (1997); *Preiser*, 411 U.S. at 487-88.

Nevertheless, while a petition under § 2254 is the proper federal vehicle for the remedy Petitioner seeks, a state prisoner must first exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1); *see O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *Preiser*, 411

U.S. at 489-90; *Dyer v. Evitts*, 900 F.2d 259 (table decision), 1990 WL 47361, at *2 (6th Cir. 1990) ("petitioner's request for restoration of his good-time credits is prematurely raised in this habeas petition as he failed to first exhaust available state court remedies"). To be deemed properly exhausted, each claim must have been fairly presented to the state courts, including presenting the claim to the state's highest court. *Boerckel,* 526 U.S. at 845; *Wagner v. Smith,* 581 F.3d 410, 414-15 (6th Cir. 2009); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990). It is clear from the face of the Petition that Petitioner has yet to exhaust his administrative and/or state remedies.[2] Therefore, federal habeas relief is not yet available on these claims, and the Court will recommend the action be dismissed without prejudice.

### III.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists

---

[2]Petitioner indicates that he has not yet exhausted his administrative remedy on Ground One. (R. 1, ¶ 12(d)(7)).

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Petitioner's § 2254 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it will be recommended that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

**IV.    CONCLUSION AND RECOMMENDATION**

For the reasons stated herein, **IT IS RECOMMENDED** that:

(1)    Mink's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (R. 1) be **denied without prejudice;**

(2)    This case be **dismissed and stricken** from the active docket of this Court without the necessity of requiring Respondent to file a written response; and,

(4)    A Certificate of Appealability be **denied** by the District Court in conjunction with the Court's entry of its final order in this matter.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd,* 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general

objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen (14) days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Dated this 21st day of June, 2013.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\habeas petitions\2254PrelimsSOL\13-77 Mink R&R.wpd